*64
 
 By the Court.
 

 Jurisdiction of subject-matter need not necessarily be, raised in the first instance but may be raised at any time, even in the reviewing court.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Hollenberger,
 
 76 Ohio St., 177, 81 N. E., 184;
 
 Sheldon’s Lessee
 
 v.
 
 Newton,
 
 3 Ohio St., 494; 31 Ohio Jurisprudence, 1003, Section 370.
 

 Whether the relator is a “person interested” in the probate of a will within the meaning of Section 10504-15, General Code, and therefore has a duty to perform under Section 2921, General Code, in recovering public moneys withheld from the county treasury or due to Carroll county, and whether he is a proper party under Section 11263, General Code, can be der termined in the courts below and be reviewed on appeal.
 
 Van Camp
 
 v.
 
 McCulley, Trustee,
 
 89 Ohio St., 1, 104 N. E., 1004; 30 Ohio Jurisprudence, 786, Section 59.
 

 The Probate Court being vested by Section 8, Article IY of the Constitution with jurisdiction in probate and testamentary matters, has power to determine its own jurisdiction and its decision is subject to review on appeal.
 
 State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Judge,
 
 96 Ohio St., 10, 117 N. E., 13.
 

 The writ of prohibition lies only when there is no other adequate remedy and is not available as a substitute for a proceeding on appeal.
 
 Silliman
 
 v.
 
 Court of Common Pleas,
 
 126 Ohio St., 338, 185 N. E., 420, and
 
 State, ex rel. Nichlaus,
 
 v.
 
 McClelland, Judge,
 
 132 Ohio St., 447, 8 N. E. (2d), 565.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.
 

 Hart, J., not participating.