Turner, J.
 

 The questions in this case have been presented piecemeal. We are here confronted with á decisive question which was not raised in or passed upon by the trial court. If this question were not such as goes to the jurisdiction of the Common Pleas Court and especially a question involving personal liberty, the judgment of the Court of Appeals would be affirmed on the questions presented to that court.
 
 Board of County Commrs. of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 113 N. E., 745. Cf.
 
 Kimball
 
 v.
 
 Kimball Bros., Inc.,
 
 143 Ohio St., 500, 56 N. E. (2d), 60; 2 Ohio Jurisprudence, 613, Section 570.
 

 As this case involves the personal liberty of Dale L. Cattell and challenges the jurisdiction of the Common Pleas Court to grant the temporary injunction under which Cattell was found guilty of contempt, it will be necessary for us to pass upon such new question.
 

 In the
 
 per curiam
 
 opinion of
 
 State, ex rel. Handley, Pros. Atty.,
 
 v.
 
 McCall, Judge,
 
 135 Ohio St., 63, 19 N. E. (2d), 158, this court held: “Jurisdiction of sub
 
 *117
 
 jeet matter need not necessarily be raised in the first instance but may be raised at any time, even in the reviewing court.”
 

 Of course, the foregoing case was referring to the jurisdiction of the courts which tried that particular case. Here we have a question of jurisdiction of a court in which the present case never pended, but what was said in that
 
 per curiam
 
 opinion is illustrative of the treatment of the question of jurisdiction, whenever and however raised.
 
 “Habeas corpus
 
 is a collateral remedy; it is independent of the legal proceeding under which the detention is sought to be justified.” 39 Corpus Juris Secundum, 426, Section 1. See, also, 20 Ohio Jurisprudence, 423, Section 3.
 

 In the case of
 
 Johnson
 
 v.
 
 Sayre,
 
 158 U. S., 109, 39 L. Ed., 914, 15 S. Ct., 773, it was said by Mr. Justice Gray, at page 115: “Upon an appeal from the Circuit Court of the United States in a case of
 
 habeas
 
 corpus, all questions of law or of fact, arising upon the record, including the evidence, are open to consideration.”
 

 It is further stated in 39 Corpus Juris Secundum, 424, Section 1: “The writ of
 
 habeas corpus
 
 is the precious safeguard of personal liberty, and there is no higher duty than to maintain it unimpaired. ’ ’
 

 In 25 American Jurisprudence, 144, Section 2, it is said: “In short, the primary, if not the only, object of
 
 habeas corpus
 
 is to determine the legality of the restraint under which a person is held.”
 

 After the Court of Appeals rendered an opinion in this case, appellant sought and was permitted to amend his motion for new trial raising the question whether such injunction might be allowed in the beginning of an action for divorce and alimony. The motion for new trial with the amendment thereto was overruled and final judgment entered denying appellant the relief prayed for.
 

 It was alleged in the petition for a writ of
 
 habeas
 
 
 *118
 

 corpus
 
 in the instant case that the Court of Common Pleas of Allen county granted the application of plaintiff in the divorce case, “solely upon the statements of fact contained in her petition in said cause, which facts are insufficient to warrant or authorize the granting of said pretended order of injunction. And said court, or the judge thereof, in granting said pretended order of injunction, acted wholly without jurisdiction and authority of law * *
 

 According to appellant’s brief in this court and the opinion of the Court of Appeals, the following questions were presented to the Court of Appeals in the trial of this case:
 

 1. That such jurisdiction as the Common Pleas Court has in divorce and alimony actions is conferred by statute, Sections 11979 to 12003, inclusive, of the General Code, and is not common-law or equity, and in the exercise of such jurisdiction the Common Pleas Court is a court of special and limited jurisdiction.
 

 2. That there is no statutory provision conferring jurisdiction on the Common Pleas Court to make the order of injunction made therein, and consequently the order of injunction, the contempt proceedings based thereon, and the order of commitment made in the contempt proceedings are void.
 

 Appellant proceeded in the Court of Appeals upon the theory that the court must look solely to the chapter on divorce and alimony (Sections 11979 to 12003, inclusive, General Code) for the answers to the questions raised in the petition for a writ of
 
 habeas corpus.
 
 Under such theory the only injunction which a court could issue in a divorce and alimony action was under Section 11996, General Code, to prevent a party from disposing of or encumbering property so as to defeat the other party in obtaining alimony.
 

 We cannot endorse such construction of the jurisdiction of the Common Pleas Court. When the General
 
 *119
 
 Assembly conferred exclusive jurisdiction in divorce and alimony upon the Common Pleas Court (51 Ohio Laws, 377) the jurisdiction of the court was
 
 enlarged
 
 and not limited.
 

 It is settled in this state that the only grounds upon which the Common Pleas Court may grant either divorce or alimony are to be found in the statutes. There may be no implied ground nor is there any equitable authority to be exercised in the
 
 granting
 
 of such divorce or alimony; but when the General Assembly augmented the powers of the Common Pleas Court it did so in the face of the settled rule of law that a grant of jurisdiction implies the necessary and usual incidental powers essential to effectuate it.
 
 (Marleau
 
 v.
 
 Marleau,
 
 95 Ohio St., 162, 115 N. E., 1009.)
 

 Appellant complains that Dale L. Cattell was barred from a dwelling of which he was a cotenant with his wife. We are of the opinion that the Common Pleas Court had the power to issue such injunction
 
 pendente lite.
 
 The recognition of the power of the court to do this is to be found not only in the chapter on injunction hereinafter referred to but in Section. 7998, General Code, which reads as follows:
 

 “Neither husband nor wife has any interest in the property of the other, except as mentioned in the next preceding section, the right to dower and to remain in the mansion house after the death of either, as provided by law; and neither can be excluded from the other’s dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction.” Cf. the following cases in Wright’s Report:
 
 Wilson
 
 v.
 
 Wilson,
 
 page 128;
 
 Johnston v. Johnston, 454; Leavitt
 
 v,
 
 Leavitt,
 
 719; and the statutory law then in effect (2 Chase, 1408);
 
 Tolerton et al., Exrs.,
 
 v.
 
 Williard,
 
 30 Ohio St., 579;
 
 DeWitt
 
 v.
 
 DeWitt,
 
 67 Ohio St., 340, 350, 66 N. E., 136.
 

 Where a procedural power, such as the power to is
 
 *120
 
 sue an injunction, is conferred upon the Court of Common Pleas, it is the duty of such court to exercise such procedural power in any appropriate case.
 

 In the answer brief filed in this court by appellee it is said in the opening paragraph:
 

 “In addition to the causes of action seeking divorce, etc;, the petition contains a third cause of action which is not separately numbered, seeking an injunction against the defendant under the provisions of Section 11877 of the General Code of Ohio. The petition is positively verified and contained an application or prayer for this injunction.”
 

 The appellant opened his reply brief with the following statement:
 

 “The appellee here, for the first time in the history of this litigation, seems to contend that the petition of Lucille L. Cattell contained a third cause of action which is not separately stated and numbered and this, counsel for appellee contends, is the sole basis to invoke the jurisdiction of the Court of Common Pleas of Allen county to grant the injunction issued in this matter. It therefore seems to counsel for appellant that , counsel for appellee has resolved? the case into two principal questions: (1) Whether a third cause of action exists, and (2). assuming that it does, is it sufficient basis for the court to issue the injunction issued herein?”
 

 We are not here concerned with whether there was a third cause of action stated in the petition or whether such alleged additional cause of action could be joined in an action, for divorce and alimony. So far as the record discloses there was no motion made to separately state and number. Neither was there a demurrer on the ground of misjoinder of causes of action (Section 11309, General Code). No objection having-been made by motion,' demurrer or answer to such join
 
 *121
 
 der, Section 11311, General Code, was probably applicable.
 

 What we are concerned with here is whether the petition in the divorce and alimony case
 
 ivhich ivas positively verified
 
 contained allegations of fact justifying the issuance of a temporary order of injunction.
 

 Section 11875, General Code, provides:
 

 ‘ ‘
 
 The injunction provided by this title is a command to refrain from or do a particular act. It may be the final judgment in an action, or be allowed as a provisional remedy. When so allowed it must be by order.”
 

 Section 11876, General Code, provides:
 

 “When it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief,' or any part of it, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, or threatens or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff’s rights, respecting the subject of the action, and tending to render the judgment ineffectual, a temporary order may be granted restraining such act. When specially authorized by statute, such order also may be granted. ’ ’ .
 

 Section 11877, General Code, provides:
 

 “At the beginning of an action, or any time before judgment, the injunction may be granted by * * # the Common Pleas Court or a judge thereof * * * upon its appearing to the court or judge by affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto.”
 

 In our opinion the petition contained allegations of fact authorizing action by the Common Pleas Court under Section 11876,
 
 supra.
 

 Section 12003, General Code, being the closing sec
 
 *122
 
 tion of the chapter on divorce and alimony provides: “Pleadings under this chapter need not he verified.” However, the divorce and alimony petition was not only verified, but verified positively.
 

 As set forth in Section 11877, supra, an affidavit of the plaintiff is a prerequisite to the granting of an injunction at the beginning of an action or at any time before judgment.
 

 Section 11882, General Code, provides:
 

 “Unless otherwise provided by special statute, no injunction shall operate until the party obtaining it gives a bond executed by sufficient surety, to be approved by the clerk of the court granting the injunction, in an amount to be fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to have been granted.”
 

 Appellant now says: “That even in view of appellee’s contention that the injunction in question was issued pursuant to Section 11876, General Code, no proper bond was given under Section 11882, General Code.”
 

 The entry allowing the temporary injunction fixed the bond as follows: “Bond of $25 is hereby fixed, which may be given by cash deposit with the clerk of court.”
 

 In the Court of Appeals’ journal entry of November 8, 1944, it is disclosed that upon application of the petitioner (appellant here) a “cash bond in the sum of $100 payable to the state of Ohio, upon the condition that Dale L. Cattell will appear before this court * # was permitted. While that matter is not material to a decision of the instant case it does tend to indicate that the question of the cash bond ordered in the Common Pleas Court was not raised in the Court of Appeals.
 

 
 *123
 
 In the case of
 
 Diehl
 
 v.
 
 Friester,
 
 37 Ohio St., 473, this court held:
 

 “Where a probate judge allowed an injunction in a cause pending in the Court of Common Pleas, but an undertaking therefor was never given, a fine, with imprisonment for its nonpayment, imposed upon the party enjoined for an alleged contempt in disregarding such.injunction, is not authorized by law.” See, also,
 
 Williamson’s Admrs.
 
 v.
 
 Hall,
 
 1 Ohio St., 190.
 

 Without a proper bond having been given under Section 11882, General Code, the court had no jurisdiction to issue the temporary injunction. Having no jurisdiction to issue the injunction the court had no jurisdiction to punish as for contempt a violation of such order of' injunction. The question of the inherent right of a court to punish for failure to obey its orders is not here involved. The power of a Court of Common Pleas to issue an injunction is statutory, and the punishment for disobedience is also statutory (Section 11888, General Code). The only fault that can be found here is in the acceptance of a cash deposit
 
 in lieu of a bond.
 

 The word “bond” as used in Section 11882, General Code, necessarily imports a written instrument executed by the surety to be approved by the clerk of the court. See Section 8621, General Code, which provides in part:
 

 “No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default or miscarriage, of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
 

 No definition of the word “bond” can be found which does not imply or specifically provide that it is a writing.
 

 
 *124
 
 Webster’s New International Dictionary defines “bond” as follows:
 

 “16.
 
 Laxo.
 
 A writing under seal by which, a person binds himself to pay a certain sum on or before a future day appointed. This is a
 
 single,
 
 or
 
 simple bond.
 
 Usually a condition is added, that if the obligor shall do (or abstain from doing) a certain act on or before a time specified the obligation shall be void, but otherwise shall remain in full force.”
 

 Bouvier’s Law Dictionary, Rawle’s Third Revision, defines “bond” as “An obligation in writing and under seal.”
 

 In 5 Words and Phrases, 661, a “bond” is described as a written obligation.
 

 In 11 Corpus Juris Secundum, 398,, Section 1, is to be found the following definition:
 

 “A bond is an obligation in writing, usually under seal, binding the obligor to pay a sumpf money to the obligee, sometimes with a clause to the effect that on performance of a certain condition the obligation shall be void.” See, also, 8 American Jurisprudence, 708, Section 2.
 

 In 5 Ohio Jurisprudence, 637, Section 2, it is said:
 

 “Speaking broadly, a bond is an obligation under seal binding the obligor to pay a sum of money to the obligee at a day appointed; it is sometimes denominated a specialty. Under ancient practice great deliberation and reflection accompanied each successive step necessary to constitute a bond a final act but under modern business, commercial, and trade conditions, a great deal of this supposed solemnity has disappeared. By the old common law, writing, sealing and delivery were essentially necessary to constitute a bond, but since the passage of the Act of March 29, 1883, abolishing private seals the use of a private seal is of no value to the instrument.”
 

 A bond preliminary to the issuance of an order of
 
 *125
 
 an injunction is to be differentiated from a bail bond such as is referred to in Sections 11797,11798,13435-3, 13435-8 and 13435-15, General Code, whereby a defendant may make a deposit of money “in lieu of bail.”
 

 Where the statutory law of the state prescribes the terms and conditions under which an order of the court may become effective and further prescribes the punishment for a violation of such order, neither the chapter of the General Code (Section 12136
 
 et seq.)
 
 pertaining to contempt nor the inherent right of the court to enforce its orders, may be invoked. The Court of Common Pleas had no authority to prescribe or accept a deposit of money in lieu of the bond required by Section 11882, General Code.
 

 No proper bond having been given, the Common Pleas Court had no jurisdiction to punish as for contempt a violation of its order of November 2,1944.
 

 Therefore, the judgment of the Court of Appeals in the instant case should be and hereby is reversed and this court being satisfied that Dale L. Cattell is unlawfully detained, it is ordered that said Dale L. Cattell be discharged. (Section 12177, General Code.)
 

 Judgment reversed.
 

 Bell, Matthias and Hart, JJ., concur.
 

 Weygandt, C. J., Zimmerman and Williams, JJ., dissent.