Taft, J.,
dissenting. Section 2915.02, Revised Code, provides for an exception to the usual requirement of a bond as a condition to the issuance of a temporary injunction without bond; and it admittedly does not authorize a court to prohibit the doing of what this defendant has been held guilty of contempt for doing.
In In re Cattell, 146 Ohio St., 112, 64 N. E. (2d), 416, 164 A. L. R., 312, this court held that a temporary injunction issued without a bond, where no statute authorized such issuance without a bond, was void and subject to collateral attack. We have here a temporary injuncton forbidding the doing of something that the court clearly had no specific authority to prohibit doing by a temporary injunction without a bond. Hence, to the extent that the order in the instant case does that it is void and, as in the Cattell case, subject to collateral attack.
This conclusion is also supported by United States v. United Mine Workers of America, 330 U. S., 258, 91 L. Ed., 884, 67 S. Ct., 677. That case held that the Norris-LaGuardia Act did not deprive the District Court of power to issue an injunction. As an alternative ground for the decision, it was indicated that, even if it had deprived the court of such power, one who violated such injunction could be held guilty of criminal contempt. But, in so indicating, the court’s opinion said:
“* * * a different result would follow were the question of jurisdiction frivolous and not substantial * * *. The applicability of the Norris-LaGuardia Act * * * in a case such as this had not previously received judicial consideration, and both the language of the act and its legislative history indicated the substantial nature of the problem #
In the instant case, the unambiguous words of the statute clearly disclose the lack of power of the court to prohibit by *324 a temporary injunction without bond the acts for the doing of which it held the defendant guilty of contempt.
Stewart and Bell, JJ., concur in the foregoing dissenting opinion.