QUESTION: May an applicant for a permit to carry a firearm, pursuant to s. 790.06, F.S., post a cash bond in lieu of a surety bond?
SUMMARY: A person applying to board of county commissioners for a permit to carry a firearm under s. 790.06, F.S., may not post a cash deposit or cash bond instead of a surety bond. From the context of your letter, I assume the question actually is whether a deposit of cash, although conditioned as for a bond but with no sureties, is acceptable instead of a surety bond for the purpose of complying with s. 790.06, F.S. The statute to be construed here, s. 790.06, F.S., provides, in part, that county commissioners may . . . grant a license to carry a [firearm], only to such persons as are . . . of good moral character, . . . upon such person giving a bond payable to the governor of the state in the sum of one hundred dollars, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the county commissioners. Ordinarily, "bond" imports a written instrument with surety or sureties guaranteeing faithful performance of the acts or duties contemplated. Fidelity 
Casualty Co. v. Niles Bank Co., 71 N.E.2d 742, 749 (Ohio App. 1946); ex parte Cattell, 64 N.E.2d 416 (Ohio 1945). See also 12 Am. Jur.2d Bonds s. 1; and 11 C.J.S. Bonds s. 1. The Cattell court went on to say: "Where the statutory law of the state prescribes the terms and conditions . . . the Court . . . had no authority to prescribe or accept a deposit of money in lieu of the bond required by [statute]." Cattell, at 422. This ruling is in accord with the well-settled rule of statutory construction that a legislative directive as to the manner in which a thing is to be done impliedly prohibits its being done in any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). The rule as stated in Alsop is simply a variation of the exclusio rule of statutory construction: The express mention of one thing is the exclusion of any other. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). The application of this rule to the legislative directive that applicants for a license to carry a firearm shall give "a bond . . . with sureties" would seem to prohibit the use of a cash bond in lieu of a surety bond. An examination of other statutes relating to required bonds shows that the Legislature has distinguished the different kinds of bonds and has provided alternate ways of satisfying a bond requirement when it is deemed to be appropriate. For example, s.45.011, F.S., the definition section of the chapter dealing with statutes about civil practice and procedure, provides: In all statutes about practice and procedure . . . "bond with surety" means a bond with two good and sufficient sureties, . . . or a bond with a licensed surety company . . . or a cash deposit conditioned as for a bond. Note that this statute provides for three different ways of meeting the "bond with surety" requirement, including "a cash deposit." And in Ch. 137, F.S., which regulates the bonds of county officers, the Legislature provided in the alternative (in most cases) that the officers shall give a bond with either two or more sureties who can comply with s. 137.09, or a surety company authorized to do business in Florida, as required by s. 137.10. Had the Legislature intended to provide alternate means of satisfying the bond requirement in s.790.06, F.S., it clearly would have been a simple matter to specifically so provide as was done in the statutes referred to above. It has long been the rule in Florida that county commissioners possess only those powers and duties prescribed by statute, and if there is any doubt as to the existence of authority it should not be assumed. Hopkins v. Special Road and Bridge Dist. No. 4, Brevard County, 74 So. 310 (Fla. 1917); White v. Crandon, 156 So. 303 (Fla. 1934); Scenic Hills Utility Co. v. City of Pensacola, 156 So.2d 874 (1 D.C.A. Fla., 1963). And even under the home rule provisions of the 1968 Florida Constitution, Art. VIII, s. 1, and its implementing statute, s. 125.01(1), F.S., counties, whether charter or noncharter, may exercise their home rule powers only to the extent not inconsistent with general law. Section 790.06, F.S., is a general law and does not give county commissioners or any other county officer authority to accept anything other than "a bond . . . with sureties to be approved by the county commissioners." Accord: Attorney General Opinion 071-54, in which you were advised that a noncharter county under its home rule powers may not require a bond in an amount other than that prescribed by s. 790.06 in issuing a permit to carry a pistol. Therefore, for the reasons discussed above, your question must be answered in the negative.