DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal presents us with the issue of whether a trial court's failure to follow the requirement of R.C. 2945.06 to convene a three judge panel to accept a guilty plea in a capital offense can be raised in a collateral attack under state habeas corpus proceedings. We conclude that the trial court's error did not divest it of subject matter jurisdiction. And because an error in the exercise of jurisdiction must be raised on direct appeal, we hold that the appellant is not entitled to a writ of habeas corpus, notwithstanding the trial court's noncompliance with R.C. 2945.06.
 {¶ 2} Petitioner Ruben Pratts is incarcerated at the Ross Correctional Institution. In 1988, he pled guilty in Summit County to aggravated murder with death penalty and firearm specifications, and aggravated burglary with a firearm specification. He waived his rights to trial by jury and a three-judge panel, pled guilty, and a single judge received his guilty plea and sentenced him. Apparently, he did not appeal from the conviction and sentence.
 {¶ 3} In 2001, Pratts filed a petition for a writ of habeas corpus in the Court of Common Pleas of Summit County, arguing that the single judge lacked jurisdiction under R.C. 2945.06 to accept his guilty plea and sentence him for a capital offense. The court dismissed the petition as barred by res judicata because Pratts had failed to raise the issue on direct appeal and in a previous application for postconviction relief.State v. Pratts (Nov. 30, 2001), Summit Cty. C.P. No. CR 1988 12 1771. Apparently, Pratts did not appeal from that judgment either.
 {¶ 4} In 2002, Pratts filed the petition in this case in the Court of Common Pleas of Ross County. That court dismissed this second petition on grounds that the claim is not cognizable in habeas corpus and is also barred by res judicata. Pratts appealed to this court and simultaneously filed an original action in this court petitioning a third time for a writ of habeas corpus on the same grounds as the previous petitions. Unaware of the previous action in Summit County we, nevertheless, dismissed the original action as barred by res judicata because of the previously filed petition in the Ross County common pleas court. Prattsv. Hurley (Aug. 30, 2002), Ross App. No. 02CA2675.
 {¶ 5} On appeal, Pratts argues that (1) the single judge lacked subject-matter jurisdiction to accept his plea and sentence him, (2) lack of subject-matter jurisdiction cannot be waived and may be collaterally attacked, and (3) therefore, lack of subject-matter jurisdiction is not subject to the doctrine of res judicata. Pratts bases his argument primarily on State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833,769 N.E.2d 846.
 {¶ 6} Parker pled guilty to aggravated murder with a death penalty specification before a single judge. The State had agreed not to seek the death penalty in exchange for the guilty plea. Parker filed a direct appeal contending that the single judge lacked jurisdiction to accept his plea and sentence him. The Eighth District Court of Appeals agreed and reversed and remanded the case for further proceedings. The court did not discuss or even mention jurisdiction, but did state that the three-judge panel requirement could not be waived, citing, inter alia, State v.Filiaggi (1999), 86 Ohio St.3d 230, 714 N.E.2d 867.
 {¶ 7} The Supreme Court affirmed the judgment of the court of appeals. In the syllabus, it emphasized the necessity for strict compliance with the statute, even if the State agrees not to seek the death penalty. However, the majority opinion did not state that the trial court lacked subject-matter jurisdiction. It said only, "The three-judge panel requirement of R.C. 2945.06 is a jurisdictional matter that cannot be waived." Subject-matter jurisdiction is the only type of jurisdiction that cannot be waived. State v. Waller, Highland App. No. 02CA8, 2002-Ohio-6080. But Parker's citation to Filiaggi is confusing becauseFiliaggi held that failure to convene a three-judge panel under R.C.2945.06 was an error in the exercise of jurisdiction, not a divestiture or loss of subject-matter jurisdiction.
 {¶ 8} Filiaggi was also a direct appeal in which the defendant had pled guilty to aggravated murder with a death penalty specification and other noncapital offenses. A three-judge panel accepted his plea to aggravated murder and sentenced him to death on that count, but only the presiding judge accepted his plea and sentenced him on the noncapital charges. Filiaggi appealed, contending that a three-judge panel should have heard all charges. The court of appeals affirmed all sentences.
 {¶ 9} However, the Supreme Court held that R.C. 2945.06 requires a three-judge panel to try the noncapital charges as well as the capital charge and reversed and remanded the case to the trial court for further proceedings. Filiaggi stated that the requirement of a three-judge panel is jurisdictional and cannot be waived, 86 Ohio St.3d at 239-240. However, the court also clearly indicated that the type of jurisdiction involved was not subject-matter jurisdiction by citing In re Waite
(1991), 188 Mich. App. 189, 200, 468 N.W.2d 912, 917, which in turn was quoting Jackson City Bank Trust Co. v. Fredrick (1935),271 Mich. 538. 544-546, 260 N.W. 908, 909: "[W]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance. * * * [I]n cases where the court hasundoubted jurisdiction of the subject matter and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It may not be called into question collaterally. (Emphasis sic.) State v. Filiaggi, 86 Ohio St.3d at 240."
 {¶ 10} Filiaggi also referred to the principle established in prior cases that statutes prescribing procedures in capital cases must be followed strictly, citing State v. Pless (1996), 74 Ohio St.3d 333,658 N.E.2d 766, paragraph one of the syllabus. 86 Ohio St.3d at 240.Pless involved R.C. 2945.05's procedure for waiving the right to trial by jury in capital cases. The procedure requires the waiver to be in writing, signed by the defendant, filed in the cause, and made part of the record. In Pless, there was some evidence that a written waiver had been made and filed, but it was not in the record. Thus, the court reversed the defendant's aggravated murder conviction and death sentence and ordered a new trial, holding that the three-judge panel that tried Pless lacked jurisdiction to do so. The court did not specify the type of jurisdiction involved, nor did it state directly that strict compliance could be waived. However, it resolved these issues through the interaction of the strict-compliance principle and a prohibition against collateral attack as stated in the syllabus paragraphs: "1. In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (State v. Tate [1979], 59 Ohio St.2d 50, 130.O.3d 36, 391 N.E.2d 738, andState ex rel. Jackson v. Dallman [1994], 70 Ohio St.3d 261, 638 N.E.2d 563, construed and applied.) 2. The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. (State v.Tate [1979] 59 Ohio St.2d 50, 130 O.O.3d 36, 391 N.E.2d 738; State exrel. Jackson v. Dallman [1994], 70 Ohio St.3d 261, 638 N.E.2d 563; andState ex rel. Larkins v. Baker [1995], 73 Ohio St.3d 658, 653 N.E.2d 701, harmonized.)"
 {¶ 11} Even though it was hearing a direct appeal, the Pless court had to address the issue of collateral attack in order to harmonize theTate, Dallman, and Larkins cited in the syllabus. In all three cases, the court had held that failure to strictly comply with R.C. 2945.05 created a jurisdictional defect. Tate was a direct appeal. However, Dallman andLarkins were habeas corpus cases, and the court had ordered Dallman's release but declined to release Larkins under similar facts. The Pless
court "harmonized" the cases by holding in paragraph two of the syllabus that the error may only be remedied on direct appeal. This resolution strongly suggests that the failure to strictly comply with the statute results in an improper exercise of jurisdiction, not lack of subject-matter jurisdiction. See In re Waite quoted in Filiaggi, supra. Moreover, although Pless did not expressly address the issue of waiver of strict compliance, the fact that it confined the remedy to direct appeal logically implies that if the issue is not raised on direct appeal it is, in effect, waived thereafter.
 {¶ 12} Though it has no syllabus, the Filiaggi opinion relies on Pless and expressly indicates that the type of error involved is the improper exercise of jurisdiction, which, by definition, is subject only to direct appeal and not collateral attack.
 {¶ 13} Contrast Parker, Filiaggi, and Pless with State v. Wilson
(1995), 73 Ohio St.3d 40, 652 N.E.2d 196, a case in which procedural error did deprive the trial court of subject-matter jurisdiction. Wilson was convicted of grand theft and served sixty days before being released on shock probation. Twelve years later, he filed a motion to vacate his conviction, alleging he was a juvenile at the time of the offense. On appeal, the Supreme Court found that juvenile courts had exclusive original jurisdiction to hear cases in which juveniles were charged with violations of criminal law with one exception — where the juvenile was bound over to the court of common pleas, general division, to stand trial as an adult, under R.C. 2125.26. The court found that Wilson had never even appeared before the juvenile court, much less had a proper bind-over procedure. Thus, it concluded that since the juvenile court had never properly relinquished its exclusive original jurisdiction through a proper bindover, the general division had never acquired subject-matter jurisdiction of the cause. Treating Wilson's motion as an independent civil action, the court held that the action was not barred by res judicata because it was based on lack of subject-matter jurisdiction in the trial court, and the conviction was void ab initio. In Johnson v.Timmerman-Cooper, 93 Ohio St.3d 614, 2001-Ohio-1803, 757 N.E.2d 1153, the court affirmed Wilson in the context of a habeas corpus action. InJohnson, there had been a bindover proceeding under R.C. 2125.26, but the court had failed to comply with the statute. Thus, when failure to strictly comply with a statute divests a trial court of subject-matter jurisdiction, the Supreme Court either on direct appeal or in a collateral attack, has no trouble using clear, decisive terms such as "subject-matter jurisdiction" and "void ab initio." Those terms are notably absent from Parker, Filiaggi, and Pless.
 {¶ 14} "It is the obligation of this court to follow the Supreme Court's pronouncements of law and, if possible, to reconcile them." Holmv. Smilowitz (July 25, 1990), Athens App. No. 1428. Although Parker,Filiaggi, and Pless do not treat the principles involved in complying with R.C. 2945.05 and 2945.06 with equal emphasis, we believe that the cases all stand for the same principles: 1) the statutes require strict compliance, 2) that failure to strictly comply is error in the exercise of jurisdiction, 3) that strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal, any error is, in effect, waived and cannot be remedied through collateral attack. Moreover, if the error is not raised on direct appeal, a collateral attack is subject to the defense of res judicata.State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 15} Three courts of appeals have reached this conclusion in varying degrees. In State v. Swiger (1998), 125 Ohio App.3d 456,708 N.E.2d 1033, the Ninth District Court of Appeals, ruling on an application for post-conviction relief, held that the issue of whether a single judge of the trial court lacked jurisdiction to try and sentence the applicant was barred by the doctrine of res judicata, stating that the single judge did not lack subject-matter jurisdiction and that the issue could have been raised on direct appeal. 125 Ohio App.3d at 465.Swiger was decided before Filiaggi and Parker.
 {¶ 16} In Collier v. Gansheimer, Ashtabula App. No. 2001-A-0087, 2002-Ohio-1054, p. 5, a habeas corpus action that cited Swiger andPless, the Eleventh District Court of Appeals held that "* * * the failure to follow the procedure under R.C. 2945.06 and Crim.R. 11(C)(3) does not constitute a defect in the trial court's subject matter jurisdiction instead, (sic.) it is a defect in the court's jurisdiction over that particular case.[1] We further conclude that an error in the use of a three-judge panel only renders a subsequent sentencing judgment voidable and can be challenged only in a direct appeal from the conviction. (Fn. added)" Collier was decided after Filiaggi, but beforeParker.
 {¶ 17} In State ex rel. Nash v. Jackson (Dec. 4, 2002), Warren App. No. CA2002-09-100, the Twelfth District Court of Appeals dismissed a petition for a writ of habeas corpus that claimed that a single judge lacked jurisdiction under R.C. 2945.06 to accept the petitioner's guilty pleas to five counts of aggravated murder. The petitioner relied onParker. The court of appeals held that even if it was error for a single judge to accept the pleas, this did not deprive the court of subject-matter jurisdiction and that the defendant "would at most be entitled to have his case remanded for further proceedings, citingParker and Filiaggi.
 {¶ 18} The Third District Court of Appeals has taken the opposite view, holding that a single judge lacks subject-matter jurisdiction to try a defendant under R.C. 2945.06, and therefore the judgment is void ab initio. State v. Brock (1996), 110 Ohio App.3d 656, 675 N.E.2d 18, Statev. Garris (1998), 128 Ohio App.3d 126, 713 N.E.2d 1135, State v. Noggle
(June 24, 1999), Crawford App. No. 3-99-08. All three cases were direct appeals and so should have arrived at the same result on a finding that the error was in the exercise of jurisdiction only. All three were decided before Filiaggi and Parker.
 {¶ 19} R.C. 2725.05 states in part: "If it appears that a person alleged to be restrained of his liberty * * * by virtue or order of a court of record, and that the court * * * had jurisdiction to * * * render the judgment * * *, the writ of habeas corpus shall not be allowed." Whether "jurisdiction," as used in that section includes error in the exercise of jurisdiction, is a question of first impression. However, Filiaggi holds, and because of its reference to Filiaggi, we construe Parker to hold that an error in the exercise of jurisdiction under R.C. 2945.06 is not subject to collateral attack. Habeas corpus is a collateral action. Ex parte Cattell (1945), 146 Ohio St. 112, 32 O.O. 43, 64 N.E.2d 416, 164 A.L.R. 312.
 {¶ 20} Accordingly, the trial court correctly determined that the cause is not cognizable in habeas corpus and also correctly determined that the issue of strict compliance with procedure under R.C. 2945.06 is res judicata if not raised on direct appeal. Its judgment is therefore AFFIRMED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] "Jurisdiction over the particular case" is used by some courts as a synonym for "error in the exercise of jurisdiction."