The STATE of Ohio, Appellee,

v.

SWIGER, Appellant.

[Cite as *State v. Swiger* (1998), 125 Ohio App.3d 456.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 17864, 18416.

Decided Jan. 28, 1998.

458

*Michael A. Partlow,* for appellant.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Paul Michael Maric,* Assistant Prosecuting Attorney, for appellee.

———————

DICKINSON, Presiding Judge.

Defendant Michael Swiger has appealed from two judgments of the Summit County Common Pleas Court that denied his motion for relief from judgment and his petition for postconviction relief. He has argued that the trial court incorrectly denied (1) his motion for relief from judgment, and (2) his petition for postconviction relief.[1] This court affirms the trial court's judgments because (1) defendant's motion failed to satisfy the requirements for relief under Civ.R. 60(B), and (2) defendant's petition failed to demonstrate any substantive grounds for postconviction relief.

I

On October 31, 1989, defendant was indicted for two counts of aggravated murder, each with capital specifications and a firearm specification, and one count of kidnaping with a firearm specification. On April 11, 1990, he appeared before the trial court and waived his right to a jury trial and to a trial before a three-judge panel. Defendant was tried before a single judge and found guilty of involuntary manslaughter and kidnaping, each with a separate firearm specification that was merged into one. He was sentenced on June 8, 1990. This court affirmed his convictions on appeal. See *State v. Swiger* (Apr. 3, 1991), Summit App. No. 14651, unreported, 1991 WL 47614.

During September 1995, defendant filed a petition for a writ of habeas corpus in the Ohio Supreme Court. Defendant argued that, because he had been charged with aggravated murder with capital specifications, the trial court was required, pursuant to R.C. 2945.06, to try him before a three-judge panel. R.C. 2945.06 provides that, when a defendant charged with an offense punishable by death has waived his right to a jury trial, he shall be tried by a three-judge court. Defendant asserted that the trial court had failed to comply with this statutory requirement and, as a result, had been without jurisdiction when it tried, convicted, and sentenced him.

The Supreme Court did not reach defendant's jurisdictional challenge, but denied him habeas corpus relief because there was no dispute that the trial court had jurisdiction to try, convict, and sentence him on the kidnaping charge. The

———————

1. This court has consolidated defendant's assignments of error for ease of discussion.

Supreme Court noted that "the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus." *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214, 1216.

On April 26, 1996, defendant moved the trial court for relief from judgment, pursuant to Civ.R. 60(B). He asserted that he was entitled to relief from judgment because the trial court did not have subject matter jurisdiction when it tried, convicted, and sentenced him. The trial court denied defendant's motion for relief from judgment, and he timely appealed to this court.

On September 20, 1996, defendant filed a petition for postconviction relief, raising a claim of ineffective assistance of counsel and again asserting that the trial court had been without subject matter jurisdiction to try, convict, and sentence him. The trial court denied his petition without a hearing, and defendant timely appealed to this court. This court consolidated defendant's two appeals.

## II

### A

Defendant has argued, through three assignments of error, that the trial court incorrectly overruled his motion for relief from judgment. By his motion, defendant contended that his involuntary manslaughter conviction and sentence were void because, although he had been charged with aggravated murder with capital specifications, he had been tried, convicted, and sentenced by a single judge instead of a three-judge panel, in violation of R.C. 2945.06. As his sole support for his motion, he relied on his apparent misunderstanding that, in his habeas corpus action, the Supreme Court had accepted his argument that the trial court lacked subject matter jurisdiction of the aggravated murder count.

■ Assuming, without deciding, that Civ.R. 60(B) can be used to attack a criminal conviction, defendant failed to demonstrate any entitlement to relief under that rule. To prevail on a motion for relief from judgment under Civ.R. 60(B), defendant was required to demonstrate that (1) he had a meritorious defense to present if relief was granted, (2) he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion was made within a reasonable time. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

■ Defendant failed to even argue, much less demonstrate, that he had satisfied any of the requirements for relief under Civ.R. 60(B). He did not assert that he had a meritorious defense, nor did he specify a 60(B) ground that entitled

him to relief. Moreover, he failed to explain why it took him nearly six years after his conviction to request relief from the trial court. Because defendant's motion failed to satisfy the requirements of Civ.R. 60(B), the trial court correctly denied it.[2]

## B

Defendant has argued, through two assignments of error, that the trial court incorrectly denied his petition for postconviction relief. Before the trial court, defendant asserted two grounds for postconviction relief: (1) he asserted that the trial court lacked subject matter jurisdiction to try him on the offense of aggravated murder, and (2) he asserted that he had been denied his right to effective assistance of trial counsel.

■ Defendant's first claim was barred by *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * ." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

■ Defendant has asserted that, because this claim challenged the subject matter jurisdiction of the trial court, it was not barred by *res judicata* because a void judgment may be challenged at any time. See *State v. Wilson* (1995), 73 Ohio St.3d 40, 45–46, 652 N.E.2d 196, 200, fn. 6. If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Defendant's challenge, however, did not attack the subject matter jurisdiction of the trial court, but merely the authority of the trial judge to act within that jurisdiction.

Defendant has relied on *State v. Brock* (1996), 110 Ohio App.3d 656, 675 N.E.2d 18, in which the Third District Court of Appeals interpreted a related provision of R.C. 2945.06 that authorizes only a three-judge panel to accept a guilty plea in an aggravated murder case. In *Brock*, the court concluded that the single judge had exceeded his "jurisdiction" by accepting Brock's no contest plea, and that, as a

---

2. If the judgment were void, as defendant claimed it was, the trial court would have had inherent authority to vacate it, despite defendant's failure to comply with the requirements of Civ.R. 60(B). See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. As this court will explain in the following discussion, however, the judgment was not void.

result, the judgment was void *ab initio.* *Id.* at 666, 675 N.E.2d at 24. This court disagrees with that holding. Even if the three-judge panel requirement is arguably a "jurisdictional" requirement, the trial court's failure to comply with it does not deprive the court of subject matter jurisdiction.

Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged "any cause of action cognizable by the forum." *Avco Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380. In the criminal context, the proper inquiry likewise centers on what is the proper forum to hear the type of case in question, *i.e.,* municipal or common pleas, court of general jurisdiction or juvenile court. See, *e.g., State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268; *State v. Wilson,* 73 Ohio St.3d 40, 652 N.E.2d 196.

At the trial court level, jurisdiction of criminal cases is vested in the court of common pleas. R.C. 2931.03. Defendant has never argued that his criminal case was not properly within the subject matter jurisdiction of the court of common pleas. Instead, his argument was that (1) a single judge had no statutory authority to try, convict, and sentence him, and (2) because the trial judge acted beyond his statutory authority, the trial court lacked subject matter jurisdiction of his case. Even if this court could accept the first prong of defendant's argument, it cannot accept the second.

In addition to jurisdiction of the person and jurisdiction of the subject matter, courts in other states have explicitly recognized another type of "jurisdiction" that encompasses the situation here. Indiana courts have long recognized three distinct categories of jurisdiction: (1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. See, *e.g., Browning v. Walters* (Ind.App.1993), 620 N.E.2d 28, 31; *State ex rel. Johnson v. Reeves* (1955), 234 Ind. 225, 125 N.E.2d 794, 796. The third category of jurisdiction encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. *Browning,* 620 N.E.2d at 31. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction of the particular case merely renders the judgment voidable. *Russell v. Russell* (Ind.App.1996), 666 N.E.2d 943, 952, vacated on other grounds (Ind.1997), 682 N.E.2d 513.

The Virginia Supreme Court has explained:

"[T]he term jurisdiction embraces several concepts including subject matter jurisdiction, territorial jurisdiction, notice jurisdiction, and 'the other conditions of

fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.'

"While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other 'jurisdictional' elements." (Citations omitted.) *Morrison v. Bestler* (1990), 239 Va. 166, 169, 387 S.E.2d 753, 755.

Michigan courts have likewise written that the concept of subject matter jurisdiction is limited to the court's "power over the class of cases, not the particular case before it":

"[W]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.

"[I]n cases where the court has *undoubted jurisdiction of the subject matter, and of the parties,* the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from." (Emphasis *sic.*) *In the Matter of Waite* (1991), 188 Mich.App. 189, 199–200, 468 N.W.2d 912, 917.

This court is persuaded by the reasoning of these other courts.

 The statutory requirement that a three-judge panel preside over capital cases is a procedural protection that, even if arguably "jurisdictional," falls within this third category of jurisdiction. In federal district court, three-judge panels are required to determine certain cases, including those challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. Section 2284, Title 28, U.S.Code. Whether the district court has subject matter jurisdiction and whether the case must be heard by a three-judge panel are two separate inquiries. The district court must first determine the threshold issue of subject matter jurisdiction before it determines whether the case should be tried to a three-judge panel. See *McLucas v. DeChamplain* (1975), 421 U.S. 21, 31–32, 95 S.Ct. 1365, 1371–1372, 43 L.Ed.2d 699, 710; *S. Cent. Bell Tel. Co. v. Public Serv. Comm. of Kentucky* (E.D.Ky.1976), 420 F.Supp. 376, 377; *Police Officers' Guild v. Washington* (C.A.D.C.1973), 369 F.Supp. 543, 548.

The United States Supreme Court has explained that the three-judge-panel requirement is a procedural protection to keep a check on the potentially far-reaching power that could be exercised by a single judge. See *Kennedy v.*

*Mendoza–Martinez* (1963), 372 U.S. 144, 154–155, 83 S.Ct. 554, 560, 9 L.Ed.2d 644, 653. This court has likewise concluded that the apparent purpose of the three-judge-panel requirement in capital cases is to ensure that death is not imposed upon the recommendation of a single judge. See *State v. Filliagi* (Dec. 29, 1997), Lorain App. No. 95CA006420, unreported, at 17.

An analogous issue, previously addressed by this court, involved Crim.R. 19 and the scope of authority a trial judge can permissibly delegate to a magistrate. This court concluded that Crim.R. 19 authorizes the trial court to refer only pretrial and ministerial matters to a magistrate, not dispositive issues. Those issues must be determined by a judge. Although a magistrate lacks authority to rule on a motion to suppress evidence in a felony case, because the defendant failed to timely raise the issue in the trial court, this court held that any challenge on appeal had been waived. *State v. Chagaris* (1995), 107 Ohio App.3d 551, 553, 669 N.E.2d 92, 92–93. By finding that the issue had been waived, this court implicitly found that the trial court's improper referral and the magistrate's action in excess of his authority did not deprive the trial court of subject matter jurisdiction. The Eleventh District Court of Appeals later explicitly determined that the trial court's improper referral of a matter to a magistrate did not deprive the court of subject matter jurisdiction, but resulted in a judgment that was merely voidable, not void. *State v. Koziol* (Aug. 29, 1997), Lake App. No. 96–L–193, unreported, 1997 WL 585913.

The Ohio Supreme Court has not only implicitly recognized a third category of "jurisdiction," but it has done so when dealing with an issue closely related to the one before this court. An issue repeatedly addressed by the Supreme Court, along with the issue of whether a defendant had validly waived his right to a jury trial, was the impact upon the trial court's "jurisdiction" of an invalid waiver. In *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, syllabus, the Ohio Supreme Court held that, absent a valid waiver of the defendant's right to a jury trial, the trial court lacks "jurisdiction" to try the defendant without a jury. The *Tate* syllabus remained the law in Ohio for several years until the Supreme Court seemed to reverse its position and hold that the invalidity of a jury trial waiver was "not a jurisdictional defect." *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 660, 653 N.E.2d 701, 702–703.

Four months later, in *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraphs one and two of the syllabus, the Supreme Court "construed," "applied" and "harmonized" its prior holdings on this issue. In paragraph one of the syllabus, the Supreme Court reaffirmed its prior position that, absent a valid waiver of a defendant's right to a jury trial, the trial court "lacks jurisdiction to try the defendant without a jury." In the very next paragraph of the syllabus, however, the court held that this jurisdictional defect may be raised only on

direct appeal. *Id.* at paragraph two of the syllabus. If the "jurisdiction" to which the court referred were subject matter jurisdiction, by its very nature, it would be open to challenge at any time. By holding that this defect in the trial court's "jurisdiction" can be waived if not timely raised, the Supreme Court was apparently referring to something other than subject matter jurisdiction. Moreover, it recognized this type of "jurisdiction" in a situation analogous to defendant's waiver of a three-judge panel.

■ This court must conclude that, if the trial court acted beyond its statutory authority by trying defendant before a single judge rather than a three-judge panel, any error did not deprive the trial court of subject matter jurisdiction. Defendant's conviction may have been voidable, but it was not void for lack of subject matter jurisdiction. Any challenge to the propriety of defendant's waiver of the three-judge panel could have been raised on direct appeal, and was barred by *res judicata.* The trial court, therefore, correctly dismissed defendant's jurisdictional challenge.

■ Defendant has next argued that his ineffective assistance of counsel claim was not barred by *res judicata* (1) because he was represented by one of the same attorneys on appeal who represented him at trial, and (2) because he supported his claim with evidence outside the record. Although *res judicata* is not a proper basis for dismissing the defendant's petition for postconviction relief when he raises the issue of competent trial counsel and was represented by that same counsel upon direct appeal, see *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169, syllabus, this reasoning does not apply here. Defendant was represented by only one of his trial attorneys on appeal, and his ineffectiveness claim was based on alleged errors committed only by the other attorney. Defendant's two trial attorneys were not members of the same law firm, nor did defendant assert any other reason that would have precluded his appellate counsel from raising the ineffectiveness of his other attorney. See *State v. Lentz* (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784, 786. The mere fact that one of his trial attorneys represented him on appeal did not defeat the *res judicata* bar.

■ Defendant also purported to base his claim on evidence outside the record. Because an appeal from a judgment of conviction is limited to the trial court record, a petition for postconviction relief is not barred by *res judicata* if it is based on evidence outside the record. See *State v. Cole*, 2 Ohio St.3d at 113–114, 2 OBR at 662–664, 443 N.E.2d at 170–172. New evidence attached to the petition for postconviction relief, however, does not automatically defeat the *res judicata* bar. Evidence outside the record must meet " 'some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by

simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim.'" *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, 367, quoting *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C–900811, unreported 1993 WL 74756, at 7.

Defendant claimed that his trial counsel committed three basic errors: (1) he admitted defendant's guilt during closing argument; (2) he failed to raise objections to any of the state's evidence admitted at trial; and (3) he did not give defendant complete and accurate information when he advised him to waive his right to a trial before a jury or three-judge panel, making the waiver involuntary and unintelligent. Neither of defendant's first two claims was based on evidence outside the record.

Claim number one focused solely on the trial court record. Although defendant attempted to support claim number two with his own affidavit testimony that his counsel told him he had agreed with the prosecutor not to object to any of the state's evidence, this fact added nothing to the substance of his claim. This claim of ineffectiveness hinged on whether trial counsel should have raised certain evidentiary objections, but did not, and whether defendant was prejudiced as a result. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Such a challenge could have been raised on appeal based on the trial court record. Both of defendant's first two claims, therefore, were barred by *res judicata*.

Defendant attached only his own affidavit to support his final claim that, due to counsel's ineffectiveness, he involuntarily and unintelligently waived his right to a jury and a three-judge panel. At the time defendant waived these rights, the trial court conducted the following inquiry:

"THE COURT: You have discussed the waiver, Michael?

"THE DEFENDANT: Yes, we have.

"THE COURT: [Your attorney] has discussed it with you; is that correct?

"THE DEFENDANT: That's correct.

"THE COURT: And you are desirous of waiving a trial by jury?

"THE DEFENDANT: Yes.

"THE COURT: And you are waiving a three judge panel to hear this matter?

"THE DEFENDANT: Yes, I am.

"THE COURT: You wish it to be tried to this Court alone; is that correct?

"THE DEFENDANT: That's correct, Your Honor.

"THE COURT: I know that you do read. Read it over, be sure that you understand it. I will need to have you sign the waiver.

"THE DEFENDANT: (Signing Waiver)

"THE COURT: All right. The record will reflect I have received in open court Waiver of Trial by Jury.

" 'I, Michael Swiger, defendant in the above cause, having been arraigned and having had opportunity to consult with counsel, in open court hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the said case may be pending.

" 'I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"And it has been signed by Michael A. Swiger and it is the 11th day of April, 1990."

This voir dire of defendant indicates that he voluntarily and intelligently waived his right to trial before a jury or a three-judge panel. The only evidence defendant submitted to rebut the record was his own affidavit. The Ohio Supreme Court has held that, in the context of a guilty plea, defendant's own self-serving affidavit alleging a coerced plea is insufficient to rebut the trial court record that demonstrates the plea was voluntary. See *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 825–826; see, also, *State v. Fuller* (1990), 64 Ohio App.3d 349, 354, 581 N.E.2d 614, 617. Because the trial court directly addressed defendant, the record contains substantial evidence that defendant voluntarily and intelligently waived his right to a jury or three-judge panel, and the reasoning from *Kapper* applies with equal force here. Defendant's own self-serving affidavit was insufficient to rebut the evidence in the record regarding the propriety of the waiver. The trial court properly dismissed defendant's petition without a hearing. Defendant's remaining assignments of error are overruled.

## III

Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.