This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Terrence Kordiac, appeals from a judgment of the Summit County Court of Common Pleas, Probate Division, adopting a magistrate's decision that approved supplemental estate administration fees and determined that most of those fees should be borne by Kordiac, rather than the estate. This Court affirms.
Kordiac's father, James Michael Kordiac, died on March 14, 1994. He was survived by two children, Kordiac and his sister Debra Mayes. The decedent's last will and testament was admitted to probate on April 8, 1994. Since that time, numerous disputes have arisen between the residual beneficiaries, Kordiac and Mayes, and between the co-fiduciaries, Kordiac and Oliver Thompson. The disputes led to litigation in the general division of the common pleas court, which eventually ended in a settlement.
Because the civil litigation created extra estate administration work, Thompson and his attorney, Edward Riegler, moved the probate court for over $15,000 in supplemental fees. Mayes moved the court to assess any such fees to Kordiac, asserting that he had caused the estate to incur the additional fees.
After a hearing, the magistrate approved the supplemental fees. The magistrate further decided that eighty percent of Thompson's supplemental fees and fifty percent of Riegler's supplemental fees should be paid by Kordiac because he had caused the estate to incur those portions of the supplemental fees. Kordiac filed timely objections to the magistrate's decision. The trial court overruled the objections, adopted the decision of the magistrate, and entered judgment accordingly. Kordiac appeals and raises five assignments of error, which will be addressed out of order for ease of discussion.
Because the trial was held before a magistrate, whose decision was later adopted by the trial court, Kordiac can raise on appeal only those challenges that he properly preserved pursuant to Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A party's failure to object to a magistrate's report prevents this Court from considering error in the lower court decision. R.G.Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737, unreported, 1998 Ohio App. LEXIS 1733, at *7.
Kordiac did raise timely objections to the magistrate's decision and supported his objections with a transcript of proceedings. On appeal, however, he has either abandoned or repackaged the arguments he raised in the trial court and he has raised several challenges for the first time on appeal. Pursuant to Civ.R. 53(E)(3)(b), this Court will reach the merits of only those challenges that have been preserved for review.
Because Kordiac's second and fifth assignments of error allege errors that Kordiac did not raise below, this Court is precluded from reaching their merits. The second and fifth assignments of error are overruled accordingly.
Kordiac's first assignment of error is that the trial court lacked subject matter jurisdiction over this matter. Although this issue was not preserved for appellate review, this Court will reach its merits because a lack of subject jurisdiction would render the trial court's judgment void. State v. Swiger (1998),125 Ohio App.3d 456, 461, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
Kordiac does not dispute that the probate court had subject matter jurisdiction over issues directly relating to the administration of the estate. R.C. 2101.24(A)(1)(c) grants the probate court exclusive jurisdiction "[e]xcept as otherwise provided by law * * * [t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates[.]"
Characterizing the trial court's order as an "award" of "damages," Kordiac asserts that this matter was not directly related to the administration of the estate and that, therefore, it was beyond the subject matter jurisdiction of the probate court. See Zuendelv. Zuendel (1992), 63 Ohio St.3d 733, syllabus.
Kordiac's argument is unpersuasive. The relevant matter before the probate court was a motion for supplemental estate administration fees filed by a fiduciary and his attorney and a motion filed by a beneficiary seeking to have the supplemental fees assessed to the other beneficiary. The trial court found the supplemental fees of both Thompson and Riegler to be extraordinary fees incurred in the administration of the estate.
Most of Kordiac's legal argument actually challenges the probate court's authority to allocate the fees as it did, not its subject matter jurisdiction. See Swiger, supra, at 461-465. Kordiac has failed to demonstrate that the issues determined by the probate court were beyond its subject matter jurisdiction. The first assignment of error is overruled.
Kordiac's third and fourth assignments of error include some arguments that were raised through his objections as well as other arguments that are raised for the first time on appeal. This Court will address those assigned errors only to the extent that the issues were preserved for appellate review.
Kordiac's third assignment of error is that the trial court erred in excluding evidence of the settlement negotiations in the general division litigation. Although Kordiac preserved this issue through a timely objection to the magistrate's decision, he offered no argument in support of his stated objection. On appeal, he argues, without specific reference to any documents in the stack of evidence at issue here, that evidence of the settlement negotiations was relevant and that the trial court abused its discretion by excluding it. Kordiac fails to explain how this evidence would have been helpful to his position.
In the interests of justice, this Court will assume that Kordiac believes that evidence of the settlement negotiations would have tended to prove that he was cooperative and did not cause the estate to incur any additional administrative fees. The documents, even assuming they are authentic, paint an incomplete picture of the settlement negotiations because they depict only the settlement negotiations that were reduced to writing and that Kordiac chose to offer as evidence. There are obvious gaps in the evidence: some of the documents refer to verbal communications between Kordiac and others, the contents of which are not described; many of the documents are not signed or dated, nor is there any indication of who prepared them; and the settlement drafts have handwritten notations on them, with no explanation of who made the changes or why. One letter even tends to suggest that Kordiac did cause unnecessary delay in the settlement negotiations. This evidence does not tend to disprove the trial court's conclusion that Kordiac caused the estate to incur most of the supplemental administration fees.
The trial court's exclusion of this evidence, even if improper, did not constitute reversible error because Kordiac has failed to demonstrate that he suffered any prejudice as a result. See Evid.R. 103(A); Civ.R. 61. The third assignment of error is overruled.
Kordiac's fourth assignment of error is that the trial court's finding that he was responsible for eighty percent of Thompson's supplemental fees and fifty percent of Riegler's supplemental fees was against the manifest weight of the evidence.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born
(Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986), 33 Ohio App.3d 339, 340.
 There was evidence before the magistrate, through the testimony of Thompson and Riegler themselves, as to how they had spent their time for which they were seeking compensation. Thompson testified that eighty percent of that time was attributable to Kordiac and his resistance to settling the estate. Riegler testified that "most" of his supplemental fees were attributable to disputes with Kordiac.
Kordiac attempted to justify his delay in reaching a settlement in the litigation by presenting evidence that Mayes actually caused the delay by withholding information from him. Specifically, Kordiac presented evidence that Mayes failed to produce certain documents relative to some estate assets, and without that information he was unable to make an informed settlement decision. Kordiac's attempted justification was disputed, however, by evidence that these documents were, in fact, produced before Kordiac acknowledged receiving them. It was the role of the magistrate as trier of fact, not this Court, to determine the credibility of the witnesses and the weight to be given their testimony. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The magistrate apparently believed the testimony of Thompson and Riegler. Consequently, this Court cannot conclude that the trial court lost its way in accepting the magistrate's finding that Kordiac was responsible for most of the supplemental fees awarded. The fourth assignment of error is overruled.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J.
CARR, J.
CONCUR