DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Raymond Smith has appealed from a judgment of the Lorain County Court of Common Pleas that denied his petition for post-conviction relief. This Court affirms.
 I.
Smith was convicted of the aggravated murder of Ronald Lally and was sentenced to death. His conviction and sentence were affirmed on direct appeal to this Court and the Supreme Court of Ohio. See State v. Smith (2000), 87 Ohio St.3d 424; State v.Smith (Mar. 25, 1998), Lorain App. No. 96CA006331, unreported.
On January 24, 1997, Smith filed a petition for post-conviction relief, asserting twelve claims for relief. The trial court dismissed his petition without a hearing. Smith appeals and raises four assignments of error.
 II.
Smith's first and fourth assignments of error will be addressed together because they are interrelated. His first assignment of error is that the trial court erred in dismissing his petition without a hearing. Although Smith's fourth assignment of error is couched in terms of a constitutional challenge, his argument focuses solely on the trial court's statutory authority to dismiss his petition. R.C. 2953.21
provides, in pertinent part:
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *.
A petitioner is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction.State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Because an appeal from the judgment of conviction is limited to the trial court record, a petition for post-conviction relief may defeat the res judicata bar if its claims are based on evidence de hors the record. See State v. Cole (1982), 2 Ohio St.3d 112,114.
Smith raised twelve claims for post-conviction relief, alleging various trial errors including ineffective assistance of trial counsel. He did not attempt to support any of his claims with evidence de hors the record.[1] Instead, Smith has argued that res judicata was inapplicable here for various reasons. First, he has asserted that the defense of res judicata
was not properly before the trial court because the State raised it through a motion to dismiss. Relying on State ex rel. Freemanv. Morris (1991), 62 Ohio St.3d 107, 109, he has argued that the defense of res judicata cannot be raised, as it was here, by a motion to dismiss. This Court rejected this same argument inState v. Post (Jan. 2, 1997), Lorain App. No. 96CA006399, unreported, at 6-7:
 The res judicata restriction pronounced in Morris,
however, does not apply to the dismissal of a petition for post-conviction relief. State v. Lawson (1995), 103 Ohio App.3d 307, 313; State v. Greer (Oct. 28, 1992), Summit App. No. 15217, unreported at 8-9. Morris dealt with a motion to dismiss a complaint in mandamus, not a petition for post-conviction relief. When ruling on a motion to dismiss a mandamus complaint, the court is restricted to the pleadings by Civ.R. 12(B). Dismissal of a petition for post-conviction relief, on the other hand, is governed by R.C. 2953.21, which not only allows the state to respond by motion but also explicitly requires the court to look beyond the petition and examine all the files and records of the case. Id. Therefore, the trial court did not commit any procedural error by dismissing some of Post's claims without a hearing based on the doctrine of res judicata.
Smith has also made a one-sentence argument that res judicata
did not bar his claims of ineffective assistance of trial counsel because trial counsel and appellate counsel were one and the same. See Cole, 2 Ohio St.3d at 112, syllabus. The record does reveal that Attorney Bruner, who was one of his appellate attorneys, was also one of the attorneys who represented Smith in the trial court. Approximately four months before trial, Bruner replaced Attorney Lieux, who had been one of Smith's two court-appointed attorneys prior to that time. Most of Smith's claims of ineffectiveness specifically target Lieux, who was not Smith's counsel on appeal. Moreover, Smith's appellate attorneys did raise many of these same claims of ineffectiveness on appeal. SeeState v. Smith (Mar. 25, 1998), Lorain App. No. 96CA006331, unreported. Smith has failed to demonstrate that he could not have raised each of his claims of ineffectiveness on appeal simply because one of the three attorneys who represented him in the trial court was also one of the two attorneys who represented him on appeal. See State v. Swiger (1998), 125 Ohio App.3d 456, 465.
Because each of Smith's twelve claims for post-conviction relief was barred by the doctrine of res judicata, the trial court did not err in dismissing his petition without a hearing. Smith's first assignment of error is overruled.
Smith's second assignment of error is that the trial judge erred in failing to recuse himself from presiding over Smith's post-conviction petition because one of his claims for post-conviction relief involved trial counsel's failure to seek recusal of that same judge at trial. The procedure for seeking disqualification of a judge is set forth in R.C. 2701.03. SeeState v. Ramos (1993), 88 Ohio App.3d 394, 398. Matters of disqualification of trial judges lie within the exclusive jurisdiction of the chief justice of the Supreme Court of Ohio and his designees. Kondrat v. Ralph Ingersoll Publishing Co. (1989),56 Ohio App.3d 173, 174. This Court is without authority to review a matter involving the disqualification of a judge. Id., citing Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442.
Moreover, because this Court has found all of Smith's claims to have been barred by the doctrine of res judicata, any error by the trial judge in failing to voluntarily recuse himself was harmless. See State v. Roderick (June 3, 1998), Summit App. No. 18521, unreported, at 7. Smith's second assignment of error is overruled.
Smith's third assignment of error is that the trial court erred in denying his request for discovery and for an expert to assist him in preparing his petition for post-conviction relief. Because Smith had no right to either, however, the trial court committed no error.
Smith has cited no authority, and this Court knows of none, to support his position that he had a right to the assistance of experts while pursuing his petition for post-conviction relief. In State v. Crowder (1991), 60 Ohio St.3d 151, 152, the Ohio Supreme Court held that a post-conviction petitioner has no constitutional right to counsel. Consequently, as the right to the assistance of experts stems from the right to counsel, a post-conviction petitioner has no constitutional right to the funding of experts. See State v. Hooks (Oct. 30, 1998), Montgomery App. Nos. 16978 and 17007, unreported, 1998 WL 754574, at *3. Although a petitioner facing the death penalty has a statutory right to counsel to pursue post-conviction relief, see R.C. 2953.21(I), there is no corresponding statutory right to the assistance of experts.
This Court has repeatedly held that there is no right to conduct discovery in post-conviction proceedings. See, e.g.,State v. Benner (Aug. 27, 1997), Summit App. No. 18094, unreported, at 4; State v. Cooey (May 25, 1994), Summit App. Nos. 15895 and 15966, unreported, at 40. As this Court explained inCooey:
 An action for postconviction relief based upon a petition to vacate or set aside sentence is a civil action. State v. Milanovich (1975), 42 Ohio St.2d 46, 49. The procedures applicable to such an action, however, are those found in Section 2953.21 of the Ohio Revised Code. State v. Hiltbrand
(May 16, 1984), Summit App. No. 11550, unreported, at 2. Section 2953.21 does not provide for discovery. See State v. Ray (July 30, 1986), Summit App. No. 12517, unreported; State v. Smith (Feb. 19, 1986), Summit App. No. 12265, unreported, certiorari denied (1986), 479 U.S. 860. * * *.
Smith's third assignment of error is overruled.
 III.
Smith's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ BETH WHITMORE
FOR THE COURT CARR, P.J., BATCHELDER, J. CONCUR
[1] Although Smith has suggested that he submitted evidence to support some of his claims, this Court was unable to find any such evidence in the record.