[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This is an accelerated appeal[1] from a judgment of the Clermont County Court of Common Pleas in which defendant-appellant, Leonard Allan Lutz, appeals his convictions for use of sham legal process and retaliation. Appellant raises twelve assignments of error for review.
In his first assignment of error, appellant argues that the trial court lacked "subject matter jurisdiction" because the state allegedly failed to comply with mandates of the Ohio Revised Code for the "structure and actions of the grand jury." Appellant also alleges that he was prevented from challenging the array of grand jurors or individual grand jurors. The failure to follow the procedures mandated by R.C. 2313.01 et seq. does not require an appellate court to reverse an otherwise valid conviction. State v. Fulton (1991), 57 Ohio St.3d 120, 124, certiorari denied (1991), 502 U.S. 828, 112 S.Ct. 98. If the grand jurors who were impaneled were otherwise qualified to be jurors, then any irregularities will be considered non-prejudicial absent an explicit showing that the defendant was prejudiced by the selection process. See id. The record is devoid of anything suggesting that appellant was prejudiced at trial by the grand jury process leading to his indictment. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant challenges the sufficiency of the indictment. Appellant argues that the court has no "subject matter jurisdiction" because the arrest warrant and complaint do not bear the "seal of the Court," because there was no valid charging affidavit and because the indictment was in the name of "THE STATE OF OHIO" rather than "The State of Ohio." Similarly, appellant's eleventh assignment of error argues that the state erred by spelling his name in the indictment in all capital letters. An indictment is sufficient if it states the charge against defendant in the words of the applicable criminal statute. State v. Childs (2000), 88 Ohio St.3d 194, 199; Crim.R. 7(B). Extraneous, impertinent or superfluous averments in an indictment are mere surplusage and they do not make an otherwise sufficient indictment fatally defective. R.C. 2941.08(I); State v. Swart (Oct. 23, 2000), Clinton App. No. CA2000-02-006, unreported. A review of the record demonstrates that the indictment in the case is sufficient. None of the matters of which appellant complains affects the sufficiency of the indictment or the jurisdiction of the trial court. See State ex rel.Davet v. Pianka (Sept. 16, 1999), Cuyahoga App. No. 76337, unreported;State ex rel. Novak v. Carroll (Sept. 2, 1999), Cuyahoga App. No. 75098, unreported. Appellant's second and eleventh assignments of error are overruled.
In his third assignment of error, appellant argues that the trial court erred by holding him to the standard of attorney. Appellant also argues that he was not provided with an adequate bill of particulars. A criminal defendant who appears pro se may be held to the same standard of conforming to legal procedure as attorneys, and the trial court is not obligated to provide a pro se defendant legal advice as to the best means of presenting his defense. See City of Cleveland v. Lane (Dec. 9, 1999), Cuyahoga App. No. 75151, unreported; State v. Ricker (Sept. 30, 1997), Franklin App. No. 97APC01-96, unreported. A pro se defendant will be expected to abide by the rules of evidence and procedure, regardless of his familiarity with them. State v. Doane (1990), 69 Ohio App.3d 638,646. Contrary to appellant's assertions, the record reveals that the trial court went to great lengths to assist and advise appellant prior to trial about his rights to represent himself or to be represented by an attorney. The trial court also advised appellant, in light of his numerous frivolous questions and objections, that he would be required to conform to the rules of procedure and evidence if he chose to represent himself. Finding that appellant had not knowingly, voluntarily or intelligently waived his right to counsel, the trial court even attempted to appoint counsel for appellant. The trial court's actions were not in error.
We further find no merit in appellant's assertion that the state failed to respond to his request for a bill of particulars. In response to appellant's request, the state filed a bill of particulars with the trial court on August 2, 2000 and served a copy upon appellant. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant asserts that his arrest was invalid because there is "no affidavit on file." Appellant also complains that the time between his arrest and his bail hearing was excessive. Appellant was directly indicted for his offenses and there is no requirement for an affidavit. See State v. Lutchey (Feb. 16, 1996), Fulton App. No. F-95-009, unreported; Crim.R. 7. Appellant states that he was arrested at 3:00 p.m. on March 8, 2000. The record reflects that the trial court held a bail hearing at 8:30 a.m. on March 9, 2000. Appellant was appropriately afforded a bail hearing without unnecessary delay. Appellant's fourth assignment of error is overruled.
Appellant argues in his fifth assignment of error that the trial judge "refused to deal with the facts." Appellant's sixth assignment of error merely declares that appellant has reserved all of his rights under R.C.1301.13 and the Uniform Commercial Code. Appellant's seventh assignment of error alleged that the trial court intimidated appellant. App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. An appellate court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998),126 Ohio App.3d 316, 321. Appellant's fifth, sixth and seventh assignments of error fail to identify any reversible errors committed by the trial court. Nor are they presented in accordance with App.R. 16(A). Therefore, we disregard and overrule appellant's fifth, sixth and seventh assignments of error.
Appellant's eighth assignment of error maintains that the trial judge was biased and prejudiced. The Chief Justice of the Ohio Supreme Court, or his designee, has exclusive jurisdiction to determine a claim that a common pleas court judge is biased or prejudiced. Section 5(C), ArticleIV, Ohio Constitution. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced. State ex rel. Pratt v. Weygandt (1956), 164 Ohio St. 463, paragraph three of the syllabus. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. Beer v. Griffith (1978), 54 Ohio St.2d 440,441-42. We are without jurisdiction to decide the merits of appellant's eighth assignment of error. Appellant's eighth assignment of error is, therefore, overruled.
In his ninth assignment of error, appellant argues, among other things, that the trial court failed to properly instruct the jury. Specifically, appellant maintains that the trial court failed to instruct the jury with regard to intent and the judge should have expressed to the jury his "opinion of the law." A review of the record demonstrates that the trial court thoroughly and properly instructed the jury upon the elements of the offenses, including intent. Moreover, the trial judge appropriately refrained from commenting or expressing his opinion about the law. Appellant's ninth assignment of error is overruled.
In his tenth assignment of error, appellant argues that there was no valid plea entered before the trial began. The record reveals that appellant refused to enter a recognizable plea before the trial court. Instead, appellant attempted to enter a "plea in abatement," "a plea at bar" and entered into the "court's evidence" that he was "holder in due of the straw man." Crim.R. 11(A) provides: "If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant." The trial court entered a plea of not guilty on behalf of appellant. Accordingly, appellant's tenth assignment of error is overruled.
In his twelfth assignment of error, appellant argues that the trial court lacked subject matter jurisdiction to convict him of the offenses with which he was charged. Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. If a subject case falls within the class of cases over which the court has subject matter jurisdiction, it is properly before the court. State ex rel.Davet v. Pianka (Sept. 16, 1999), Cuyahoga App. No. 76337, unreported. In criminal matters, the inquiry is whether the court is the proper forum to hear this type of case. See, e.g., State v. Swiger (1998),125 Ohio App.3d 456, 462. Generally, the court of common pleas has original jurisdiction of all crimes, except minor misdemeanors, which are vested in courts of inferior jurisdiction. Section 4, Article IV; Ohio Constitution, R.C. 2931.03. The crimes with which appellant was charged are felonies of the third degree, not minor misdemeanors. See R.C.2921.05(C); R.C. 2921.52(D). Accordingly, the trial court had subject matter jurisdiction over appellant's case. Appellant's twelfth assignment of error is overruled.
On the basis of the foregoing, the judgment of the trial court is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27. Costs to be taxed to appellant.
Anthony Valen, Judge, Stephen W. Powell, Judge.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.