OPINION
This action in habeas corpus is presently before this court for consideration of the summary judgment motion of respondent, Warden Rich Gansheimer of the Lake Erie Correctional Institution. As the primary grounds for his motion, respondent essentially argues that petitioner, Lawrence Collier, has failed to raise any allegation in his petition which would warrant his release from the state prison. For the following reasons, we conclude that the summary judgment motion has merit.
According to the allegations in his habeas corpus petition, the basis for petitioner's present incarceration is a criminal conviction rendered by the Cuyahoga County Court of Common Pleas in April 1986. Specifically, his petition alleges that, after a jury trial had begun, he agreed to plead guilty to one count of aggravated murder, one count of rape, one count of aggravated robbery, and four accompanying death penalty and firearm specifications. Upon accepting the plea, the trial judge sentenced petitioner to a term of life on the aggravated murder count, a concurrent term of ten to twenty-five years on the rape count, a concurrent term of ten to twenty-five years on the aggravated robbery count, and a consecutive term of three years on the three firearm specifications.
In ultimately maintaining in his petition that his confinement at the state prison is illegal, petitioner asserts that the foregoing conviction should be declared void for two reasons. First, he submits that the sentencing judgment in the underlying case should be deemed a nullity because it was never signed by the trial judge. Second, petitioner argues that the trial judge lacked jurisdiction to take his guilty plea because, given that his case involved the possible imposition of the death penalty, only a three-judge panel could accept the plea.
As to petitioner's first argument in support of his claim, respondent correctly notes in his summary judgment motion that this court recently had the opportunity to address this specific issue. In Brewer v.Gansheimer (Oct. 9, 2001), Ashtabula App. No. 2001-A-0045, unreported, the petitioner also asserted that he was entitled to a writ of habeas corpus because the trial judge in the underlying case never signed the final judgment. In concluding that this assertion did not state a viable claim in habeas corpus, we held that the lack of a signature was a type of defect which did not render the final judgment void and, as a result, did not deprive the trial judge of jurisdiction over the case. We also stated that, even though an unsigned judgment was not appealable, the petitioner still had an adequate legal remedy because: (1) he could move the trial judge to render a new judgment which was signed; and (2) if the trial judge refused to do this, he could bring a mandamus action to compel the trial judge to issue the new judgment.
In the instant case, petitioner has attached to his habeas corpus petition a copy of the sentencing judgment in the underlying criminal case. Our review of that document does not support petitioner's assertion that the signature of the trial judge was stamped upon the judgment; instead, certain characteristics of the markings on the signature line supports the conclusion that the trial judge actually signed the judgment. Nevertheless, even if the signature were not authentic, petitioner's conviction would merely be voidable because such an error does not deprive a trial judge of jurisdiction. Therefore, the first argument raised in the instant petition does not state a proper basis for a writ of habeas corpus.
In relation to petitioner's "guilty plea" argument, we would begin our analysis by noting that our review of the applicable procedural law supports the conclusion that the trial judge in the underlying case did not follow the proper procedure in accepting his guilty plea. Crim.R. 11(C)(3) governs the acceptance of the guilty plea on a charge of aggravated murder. The rule first provides that "the court" can accept the guilty plea and impose the appropriate sentence when the indictment against the defendant does not contain a death penalty specification. Similarly, the rule provides that "the court" can take the plea and impose sentence when, in the interests of justice, the court decides to dismiss such a specification. However, the rule goes on to state that if a death penalty specification is still pending when the plea is made, "a court composed of three judges" can accept the guilty plea only if they determine that the offense of aggravated murder was committed. Lastly, Crim.R. 11(C)(3) requires the three-judge panel to engage in the required weighing exercise before deciding what sentence to impose.
R.C. 2945.06 contains similar provisions. The statute indicates that if a criminal defendant has waived his right to a jury trial, he must be tried by a three-judge panel when he has been indicted for an offense punishable by death. The statute then states:
 "If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04
of the Revised Code in all cases in which the accused is charged with an offense punishable by death."
In reviewing an aggravated murder conviction based upon a guilty plea, the Supreme Court of Ohio has stated that there is no conflict between the procedural requirements of Crim.R. 11(C)(3) and those in R.C. 2945.06;i.e., both require a three-judge panel to hear evidence and make certain findings before accepting a guilty plea in a capital murder case. Statev. Green (1998), 81 Ohio St.3d 100, 103. The Green court further indicated that the failure of a three-judge panel to follow the procedure delineated in both the rule and the statute constitutes a proper basis for reversing the aggravated murder conviction and the imposition of the death penalty. Id., at 105. Moreover, it has been held that a three-judge panel lacks "jurisdiction" to accept a guilty plea for aggravated murder when the defendant has not waived his right to a jury trial. State v.Carley (2000), 139 Ohio App.3d 841, 847.
Thus, pursuant to Crim.R. 11(C)(3) and R.C. 2945.06, a single trial judge does not have the authority to take a guilty plea for aggravated murder when a specification for the death penalty is still pending against the defendant. In this case, the copies of the "plea" judgment and the sentencing judgment, which petitioner attached to his habeas corpus petition, do not contain any indication that the death penalty specification against him was ever dismissed. In addition, respondent has not submitted any evidentiary materials which would tend to show that this particular specification was dismissed before the trial judge accepted the plea and imposed the life sentence. As a result, the limited materials before this court support the finding that the trial judge in the underlying action should not have accepted the guilty plea on his own because the imposition of the death penalty was still possible.
However, the mere fact that a procedural error occurred in the underlying action does not necessarily mean that the trial judge lost jurisdiction to proceed in the matter. At least two appellate districts have concluded that the failure to employ a three-judge panel does not deprive the single trial judge of subject matter jurisdiction. In Statev. Swiger (1998), 125 Ohio App.3d 456, the defendant was tried before a single trial judge even though a death penalty specification was still pending when the trial started. Five years following his conviction, the defendant moved to vacate on the basis that the failure to use a three-judge panel had rendered his conviction void because the trial judge had lost jurisdiction by not following R.C. 2945.06. In affirming the denial of the motion to vacate, the Ninth Appellate District held that a violation of the three-judge requirement only rendered the sentencing judgment voidable because the statute did not affect a common pleas court's general authority to hear a death penalty case.
In State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 7519, unreported, 1999 Ohio App. LEXIS 3115, the defendant sought a writ of prohibition on the basis that the single trial judge had lack jurisdiction to accept his guilty plea on aggravated murder charges in the underlying case. In the first part of its analysis, the Eighth Appellate District concluded that the writ was not warranted because the limited evidence appeared to indicate that the death penalty specifications had been deleted when the indictment was amended. In the second portion of its opinion, the Wright court held that, even if the specifications were still pending, the defendant would not be entitled to the writ because a violation of R.C. 2945.06 would not affect the trial judge's jurisdiction. In support of the latter conclusion, the Wright
court summarized the Swiger analysis in the following manner:
 "* * * The Ninth District Court of Appeals examined this issue in [Swiger]. The Grand Jury indicted Michael Swiger on two counts of aggravated murder with capital and firearm specifications and one count of kidnapping with a firearm specification. He waived his right to a jury trial and a trial by a three-judge panel. The trial judge found him guilty of involuntary manslaughter and kidnapping. Mr. Swiger later collaterally attacked the convictions on the grounds that they were void ab initio because the failure to follow R.C. 2945.06 deprived the trial judge of subject matter jurisdiction. Lack of subject matter jurisdiction renders a judgment void and open to collateral attack.
 "The court of appeals rejected this argument by reasoning as follows: Although courts have ruled that the failure to abide by R.C. 2945.06 and similar statutes, e.g., waiver of jury, are `jurisdictional' defects, there are different types of jurisdiction: personal jurisdiction, subject matter jurisdiction, territorial jurisdiction and jurisdiction of the particular case. Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. The power to declare a judgment void for lack of subject matter jurisdiction is a function of whether or not the subject case fails within the class of cases over which the court has subject matter jurisdiction. Pursuant to R.C. 2931.03 the court of common pleas has subject matter jurisdiction of criminal cases. Thus, the trial judge had subject matter jurisdiction over aggravated murder cases.
 "Citing Indiana, Virginia and Michigan cases; * * * the Ninth District then recognized another type of jurisdiction, jurisdiction of the particular case. This type of jurisdiction encompasses compliance with statutory requirements. But unlike subject matter jurisdiction, defects in jurisdiction of the particular case render the judgment merely voidable, not void.
 "The Ninth District reasoned that the Supreme Court of Ohio implicitly recognized this type of jurisdiction in the closely related jury waiver issue. In those cases the supreme court held that the failure to properly execute and file a jury waiver deprived the trial court of jurisdiction. However, the court also held that such jurisdictional defects did not render the judgment void ab initio, which would be the case if subject matter jurisdiction were involved, but rather such judgments were voidable only upon direct appeal. Thus, the supreme court had to be invoking some other type of jurisdiction other than subject matter jurisdiction. The Ninth District concluded `that, if the trial court acted beyond its statutory authority by trying defendant before a single judge rather than a three-judge panel, any error did not deprive the trial court of subject matter jurisdiction. Defendant's conviction may have been voidable, but it was not void for lack of subject matter jurisdiction. Any challenge to the propriety of defendant's waiver of the three-judge panel could have been raised on direct appeal,' * * *." (Footnote omitted.) (Citations omitted.) Id., 1999 Ohio App. LEXIS 3115, at 11-14.
In Green, supra, the Supreme Court held that, because of the multiple errors which had occurred during the trial proceedings, the defendant's conviction on the aggravated murder charge was void. However, the Green
court did not expressly address the issue of whether a violation of Crim.R. 11(C)(3) and R.C. 2945.06, in and of itself, would be sufficient to render the conviction void. After reviewing certain case law, this court concludes that the Supreme Court would not hold that a violation of the three-judge requirement can form the basis of a viable habeas corpus claim because such an error merely renders a conviction for aggravated murder voidable.
Specifically, we would note that, in State v. Pless (1996),74 Ohio St.3d 333, the Supreme Court held that any error regarding the execution of a written waiver of a defendant's right to a jury trial can be challenged only in a direct appeal from the criminal conviction. Prior to the Pless decision, the Supreme Court had concluded that a viable claim in habeas corpus could be based on an alleged error in the waiver of a jury trial because the absence of a valid waiver deprived the trial court of "jurisdiction" to try the defendant. See State ex rel. Jacksonv. Dallman (1994), 70 Ohio St.3d 261. However, the Pless court expressly limited the Dallman holding, concluding that, even though an invalid jury waiver affects the "jurisdiction" of the trial court, the merits of this issue was not the proper subject for a habeas corpus action. Pless at 339.
As both appellate courts in Swiger and Wright noted in their respective opinions, the Pless analysis is logical only if the type of jurisdiction referenced by the Supreme Court is not subject matter jurisdiction, but statutory jurisdiction over a particular case. Stated differently, by holding that the "jury waiver" issue could be litigated only in a direct appeal, the Supreme Court implicitly recognized that this issue fell into the fourth type of jurisdiction, i.e., jurisdiction over a particular case. Under the latter type of jurisdiction, a jurisdictional defect does not render the subsequent judgment void, but merely voidable.
Furthermore, as both the Swiger and Wright courts also noted, the issue of a proper jury waiver is closely connected to the "three-judge panel" question because: (1) both issues are governed by interrelated statutory provisions, R.C. 2945.05 and 2945.06; and (2) under the latter statute, a three-judge panel cannot properly hear a criminal case until the right to a jury trial has been waived. Thus, given the Supreme Court's holding inPless, it follows that the Supreme Court would employ a similar analysis in regard to the "three-judge panel" issue.
Therefore, consistent with Swiger and Wright, this court holds that the failure to follow the procedure for a three-judge panel under R.C. 2945.06
and Crim.R. 11(C)(3) does not constitute a defect in the trial court's subject matter jurisdiction; instead, it is a defect in the court's jurisdiction over that particular case. We further conclude that an error in the use of a three-judge panel only renders a subsequent sentencing judgment voidable and can be challenged only in a direct appeal from the conviction. As a result, petitioner's "guilty plea" argument in the instant case does not state a viable claim in habeas corpus because the procedure employed in the underlying criminal action did not deprive the trial judge of his authority to issue a valid judgment.
As a general proposition, the moving party in a summary judgment exercise is only entitled to judgment in his favor when he has shown: (1) there are no material issues of fact remaining to be tried; (2) he is entitled to judgment as a matter of law; and (3) the nature of the evidentiary materials are such that, even when the materials are viewed in a manner most favorable to the nonmoving party, a reasonable person could only reach a conclusion against the nonmoving party. WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. Accordingly, because a writ of habeas corpus will lie only when the petitioner has established that his present incarceration is unlawful and he has no other adequate legal remedy, see State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 593, the respondent in a habeas corpus action will prevail on a motion for summary judgment if he can satisfy the foregoing standard as to either of the two elements for the writ.
Pursuant to the foregoing discussion, this court holds that respondent in the instant case has met the summary judgment standard in regard to petitioner's entire claim in habeas corpus. As to petitioner's "signature" argument, respondent has demonstrated that the facts set forth in the habeas corpus petition support the conclusion that: (1) petitioner's present incarceration is not unlawful because the lack of a signature on the sentencing judgment only renders the sentencing judgment voidable; and (2) other legal remedies exist through which petitioner could cause a proper judgment to be rendered. Similarly, as to the "guilty plea" argument, summary judgment is appropriate because the failure to use a three-judge panel did not render the sentencing judgment void and the issue could have been raised in a direct appeal from the conviction.
As an aside, we would note that, although respondent attached certain evidentiary materials to his summary judgment motion, it was not necessary for us to consider his materials in ruling upon his motion. Instead, our decision has been based solely on the factual assertions in the petition; i.e., we have essentially held that petitioner's factual allegations are insufficient to state a viable claim. Although sufficiency arguments are usually raised in motions to dismiss under Civ.R. 12(B)(6), such arguments can also be raised in summary judgment motions because Civ.R. 56(C) states that the pleadings of the parties can be consider in deciding if any factual disputes exist. See Morgensternv. Austin (1959), 170 Ohio St. 113, in which the Supreme Court stated that the issue of a complaint's sufficiency can be raised at any time during an action. In the instant case, summary judgment is appropriate because, under the uncontested facts set forth in the habeas corpus petition, petitioner is not entitled to be released immediately from prison.
Accordingly, respondent's motion for summary judgment is hereby granted. It is the order of this court that judgment is entered in favor of respondent as to petitioner's entire habeas corpus petition.
CHRISTLEY, NADER, CONCUR.