DECISION AND JOURNAL ENTRY
{¶ 1} Appellants appeal the decision of the Wayne County Court of Common Pleas, which denied appellant Simon Glick's motion to vacate. This Court affirms.
 I. {¶ 2} Appellants own a building at 17600 Lincolnway East, Dalton, Ohio ("Subject Property"). On January 21, 2003, the Wayne County Building Department (the "Building Department") issued Adjudication #4-2003, which ordered appellants to ensure that the subject property complied with the applicable sections of the Ohio Building Code. Appellants appealed Adjudication #4-2003 to the Board of Building Appeals, which affirmed the order.
 {¶ 3} Appellants failed to comply with Adjudication #4-2003. On September 4, 2003, Tim McClintock, in his capacity as Wayne County Building Official, filed a complaint for injunction pursuant to R.C. 3781.15. On November 24, 2003, the Wayne County Court of Common Pleas issued an order permanently enjoining appellants from using the subject property for any purpose without a declaration by the Building Department that the building was in compliance with the Ohio Building Code (the "Code"). Appellants filed a notice of appeal with this Court on December 5, 2003. On April 13, 2004, this Court dismissed the appeal due to appellants' failure to file a brief in accordance with App. R. 18(C). On December 7, 2004, Tim McClintock filed a motion for contempt due to appellants' failure to comply with the trial court's November 24, 2003 order. On January 7, 2005, the trial court held a hearing on the contempt motion. In addition, appellants Eldon and Simon Glick filed a motion to dismiss on January 7, 2005. In an entry dated January 12, 2005, the trial court ordered appellant Eldon Glick to remove all personal property from the subject property and authorized the county to place padlocks upon all entrances to the subject property until the subject property was brought into compliance with the Ohio Building Code. On January 11, 2005, appellant Eldon Glick filed a motion to reconsider regarding the trial court's January 7, 2005 order. On January 18, 2005, the trial court denied appellants' motion to dismiss and their motion to reconsider. Also on January 18, 2005, appellant Simon Glick filed a motion to vacate. The trial court denied appellant's motion in an entry journalized on January 26, 2005.
 {¶ 4} Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE WAYNE COUNTY COMMON PLEAS COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE A VOID JUDGMENT WHEN IT WAS APPARENT ON THE FACE OF THE RECORD THAT THE WAYNE COUNTY BUILDING DEPARTMENT LACKED SUBJECT MATTER JURISDICTION OVER APPELLANTS' BUILDING THAT WAS NEVER USED OR INTENDED TO BE USED FOR PUBLIC PURPOSES, AND WHEN SAID BUILDING IS SPECIFICALLY EXEMPTED."
 {¶ 5} In their sole assignment of error, appellants argue that the trial court erred in overruling Simon Glick's motion to vacate. This Court disagrees.
 {¶ 6} Although not cited in appellant's motion to vacate, Civ. R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ. R. 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ. R. 60(B).
 {¶ 7} Pursuant to Civ. R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ. R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ. R. 60(B)(1)-(3). GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} If the grounds for a party's relief cannot satisfy the Civ. R. 60(B) language, "the argument is one properly reserved for a direct appeal." Teamsters Local Union No. 507 v. Nasco Industries, Inc. (Nov. 22, 2000), 9th Dist. No. 3064-M. This Court finds that appellant's motion to vacate clearly failed to satisfy the language of Civ. R. 60(B) and therefore, his argument was "properly reserved for a direct appeal," not a motion to vacate. Teamsters Local Union No. 507, supra. Appellant gave no Civ. R. 60(B) grounds for his motion and no explanation as to why said motion was appropriate rather than a direct appeal. This Court finds that appellant attempted to use his Civ. R. 60(B) motion to vacate as a substitute for a direct appeal. "It is axiomatic that Civ. R. 60(B) may not be used as a substitute for a direct appeal." Id., citing Doe v.Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.3d 128, 131.
 {¶ 9} Appellants claim that the trial court had the inherent power to vacate a void judgment without proceeding under Civ. R. 60(B). This Court agrees with this proposition. However, it has no bearing on this case. Although appellants couch their argument in terms of the Wayne County Building Department and the Board of Building Appeals jurisdiction over the subject property, what appellants are actually arguing is that they do not agree with their decision that they are operating a commercial building. To support their alleged jurisdictional argument, appellants attack the finding of the Building Department and the Board of Building Appeals that the subject property was not in compliance with the Code. This was a matter for direct appeal.
 {¶ 10} Based on the foregoing, this Court finds that the trial court properly denied appellant's motion to vacate. Appellants' sole assignment of error is overruled.
 III. {¶ 11} Appellants' assignment of error is overruled. The decision of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellants.
Exceptions.
Slaby, P.J., Batchelder, J., concur