[Cite as *McClintock v. Glick*, 2012-Ohio-4091.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

TIM MCCLINTOCK

    Appellee

    v.

ELDON GLICK, et al.

    Appellant

C.A. No.    11CA0055

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    03-CV-0521

DECISION AND JOURNAL ENTRY

Dated: September 10, 2012

CARR, Judge.

{¶1} Appellant Simon Glick appeals the judgment of the Wayne County Court of Common Pleas that denied his motion to set aside a November 24, 2003 judgment. This Court affirms.

I.

{¶2} This case arises out of a family's construction of a building without the proper permits. In January 2003, the Wayne County Building Department issued Adjudication # 4-2003, ordering compliance with the applicable sections of the Ohio Building Code. The Board of Building Appeals affirmed the order. After the family failed to comply with the order, Tim McClintock, in his capacity as a county building official, filed a complaint for a permanent injunction to enjoin the use of the building for any purpose without a declaration by the Building Department that the building was in compliance with code. On November 24, 2003, the trial court issued a permanent injunction to that effect.

{¶3} Since that time, the family has continuously challenged the efficacy of the permanent injunction. The State, on behalf of the building official, has filed various contempt motions. Family members, in particular Simon and his father Eldon, have filed appeals, motions to vacate, objections, and "judicial notices of void judgments," and other documents in an effort to challenge the underlying permanent injunction. This Court issued a journal entry dismissing the family's immediate appeal from the judgment granting the permanent injunction because the appellants failed to file a brief.

{¶4} On January 18, 2005, Simon Glick filed a motion to vacate the November 24, 2003 permanent injunction. The trial court denied the motion. This Court affirmed the denial after concluding that Simon had improperly attempted to use the motion to vacate as a substitute for an appeal. *McClintock v. Glick*, 9th Dist. No. 05CA0009, 2005-Ohio-5187, ¶ 8, 10. Moreover, we concluded that the family's argument that the judgment was void for lack of subject matter jurisdiction was merely a ruse because their substantive argument merely challenged the Building Department's and Board of Building Appeals' findings that the family was operating a commercial building which required a construction permit. *Id.* at ¶ 9.

{¶5} On March 23, 2011, Simon filed a motion to set aside the November 24, 2003 permanent injunction on the basis of an abuse of due process and constitutional error based on the bias and prejudice of the judge who issued the injunction. That judge subsequently granted the family's motion to recuse and the case was transferred to the docket of another judge who presided over the case since June 14, 2006. On October 25, 2011, the trial court denied Simon's motion to set aside the November 24, 2003 judgment for the reasons that the family had previously appealed that judgment, attempted to vacate it, and ignored it over the course of nearly eight years. Simon appealed, raising three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY RULING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN SIMON GLICK'S AFFIDAVIT ATTACHED TO HIS MOTION TO SET ASIDE JUDGMENT.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY DENYING SIMON GLICK'S MOTION TO SET ASIDE THE NOVEMBER 24, 2003, JUDGMENT, BY ACTING IN A MANNER INCONSISTENT WITH DUE PROCESS, AND DEMONSTRATED CONSTITUTIONAL ERROR, IN VIOLATION OF ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION, OHIO REVISED CODE 2921.45, AND AMENDMENT V, VI, & VII, OF THE UNITED STATES CONSTITUTION.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN ITS ORDER BY SAYING, "THE DEFENDANTS HAVE APPEALED THAT (NOVEMBER 24, 2003) JUDGMENT, ATTEMPTED TO VACATE IT AND IGNORED IT DURING THE PAST NEARLY EIGHT (8) YEARS." WHICH IS PREJUDICIAL AND CLEARLY CONTRARY TO THE RECORDS, COURT FINDINGS, AND FACTS IN THIS CASE.

**{¶6}** Simon argues that the trial court erred by denying his motion to set aside the November 24, 2003 permanent injunction, because (1) the trial court's finding that the building was not in compliance with code provisions was against the manifest weight of the evidence; (2) the injunction is void for lack of subject matter jurisdiction because the trial judge failed to follow the law and acted in a manner inconsistent with due process; and (3) the trial court erred in finding that the family had already appealed the judgment, attempted to vacate it, and disregarded the injunction for almost eight years. This Court disagrees.

**{¶7}** A motion to set aside a final order is governed by Civ.R. 60(B). The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is more than an error of

judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Civ.R. 60(B) states, in relevant part,

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶10} "The requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path Community Mental Health Ctr.*, 9th Dist. No. 16827, 1995 WL 217032 (Apr. 12, 1995), citing *Strack*, 70 Ohio St.3d at 174.

{¶11} As an initial matter, Simon waited seven-and-a-half years to file this motion to set aside the judgment granting the permanent injunction, and then after having filed multiple appeals, a prior motion to vacate, and numerous challenges to the judgment in the trial court. The trial court noted the great length of time before Simon filed this most recent motion to set aside, implicitly finding that the motion was not filed within a reasonable time. This Court agrees. Simon has not argued how a delay of seven-and-a-half years in raising issues of which he was aware from the time of the issuance of the November 24, 2003 injunction was reasonable.

{¶12} Moreover, Simon did not identify any of the grounds enumerated in Civ.R. 60(B) as a basis for his motion to set aside. Instead, he attempted to substantively challenge the granting of the permanent injunction, a matter appropriate for a direct appeal, rather than a motion to set aside. It is well settled that a party may not use a Civ.R. 60(B) motion, whether so identified as such or not, as a substitute for a direct appeal. *McClintock*, 2005-Ohio-5187, at ¶ 8, citing *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 131 (1986).

{¶13} In addition, Simon argues that the trial court made erroneous factual findings in its order denying his motion to set aside, warranting reversal. Because Simon has in fact previously filed an appeal from the November 24, 2003 permanent injunction, previously moved to vacate that order, and raised multiple challenges in the trial court including attempts simply to declare various court orders void, his argument in this regard is not well taken.

{¶14} Finally, we note that Simon argues that the permanent injunction was void ab initio for lack of subject matter jurisdiction. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." (Internal citations

and quotations omitted.) *DaimlerChrysler Fin. Servs. N. Am. LLC v. Hursell Unlimited, Inc.*, 9th Dist. No. 24815, 2011-Ohio-571, ¶ 20, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

{¶15} It is well established that "[s]ubject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits. Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action. In the civil context, the standard applied is whether an allegation is raised on any cause of action cognizable by the court. Further, subject-matter jurisdiction encompasses the court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." (Internal citations omitted.) *In re Darling*, 9th Dist. No. 03CA0023, 2003-Ohio-7184, ¶ 14. Simon has not cited any authority for the proposition that the court of common pleas lacks jurisdiction to issue injunctive relief. To the extent that Simon argues that the November 24, 2003 permanent injunction is void for lack of subject matter jurisdiction because the trial court failed to follow the law or accord him due process, his argument is misplaced.

{¶16} Based on the above analyses, Simon's three assignments of error are overruled.

III.

{¶17} All assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


DONNA J. CARR
FOR THE COURT



WHITMORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

SIMON GLICK, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, for Appellee.